**UNITED STATES DISTRICT COURT**
                    **FOR THE DISTRICT OF COLUMBIA**

SOUTHERN FAITH MINISTRIES, INC.,  :
                                  :
        Plaintiff,                :
                                  :
   v.                             :  Civil Action No. 09-0515 (JR)
                                  :
TIMOTHY F. GEITHNER, Secretary,   :
U.S. Department of the Treasury,  :
*et al.*,                         :
                                  :
        Defendants.               :

## MEMORANDUM OPINION

Churches are generally exempt from federal taxation.  The Internal Revenue Service, however, may inquire into the validity of a claim of exemption and investigate potentially taxable actions.  To avoid excessive intrusion and entanglement into religious affairs, Congress has placed limits on that authority.  The IRS may not examine a church without first conducting a "church tax inquiry."  28 U.S.C. § 7611(b).  And, before conducting a church tax inquiry, an "appropriate high-level Treasury official" must reasonably believe and record in writing that the church may not be exempt or may be engaging in taxable activities.  28 U.S.C. § 7611(a)(2).

The Internal Revenue Code defines "appropriate high-level Treasury official" as the "Secretary of the Treasury or any delegate of the Secretary whose rank is no lower than that of a principal Internal Revenue officer for an internal revenue region."  28 U.S.C. § 7611(h)(7).  The IRS, by regulation, had

earlier determined that a "Regional Commissioner" met that requirement, Treas. Reg. § 301.7611-1T, Q&A (1), but in 1998 Congress restructured the IRS away from a geographic approach toward a topic-based organization and eliminated the position of "Regional Commissioner." *See* Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 1001(a), 112 Stat. 685 (1998). Congress did not amend the definition of "appropriate high-level Treasury official" for purposes of the church tax inquiry.

The present case involves an IRS church tax inquiry into the affairs of Southern Faith Ministries that was initiated in July 2006.[1] Marsha A. Ramirez, who was then Director of Exempt Organizations Examination ("DEOE"), approved the inquiry. Southern Faith Ministries deems the inquiry faulty because the DEOE is not an "appropriate high-level Treasury official" under the statute. *See United States v. Living Word Christian Ctr.*, 2009 U.S. Dist. LEXIS 6902 (D. Minn. 2009) (refusing to enforce IRS summons because DEOE was not an "appropriate high-level Treasury official"). Although the IRS holds to its position that the DEOE's approval is sufficient for a church tax inquiry, the IRS has proposed regulations that would kick the approval one level up to the Director of Exempt Organizations ("DEO"), the

---

[1] Southern Faith Ministries has not had its tax exemption status revoked, nor has it been taxed for any particular acts.

person to whom the DEOE reports.  *See Amendments to the Regulations Regarding Questions and Answers Relating to Church Tax Inquiries and Examinations*, 74 Fed. Reg. 149 (proposed July 31, 2009) (to be codified at 26 C.F.R. part 301).  Southern Faith Ministries seeks a writ of mandamus requiring a reasonable belief determination from an "appropriate high-level Treasury official" before the IRS can continue its church tax inquiry.

Setting aside the strangeness of the form of relief plaintiff seeks,[2] even assuming that the DEOE is not an "appropriate high-level Treasury official" under the Internal Revenue Code, Southern Faith Ministries' complaint must be dismissed.  A remedy for IRS noncompliance with the church tax inquiry statute is available only in the context of a summons enforcement proceeding.  Even then, all a court can do is stay the church tax inquiry until the noncompliance is corrected. Section 7611(e)(2) states:

> Remedy to be exclusive.  No suit may be maintained and no defense may be raised in any proceeding (other than as provided in paragraph (1)), by reason of any noncompliance by the Secretary with the requirements of this section.

The referenced paragraph (1) provides that, in the case of noncompliance, "any proceeding to compel compliance with any summons with respect to such inquiry or examination shall be

---

[2] Mandamus does not lie to require a government official to perform a purely discretionary act.  *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1479 (D.C. Cir. 1995).

stayed" until the noncompliance is corrected.  26 U.S.C. § 7611(e)(1).  The present case does not involve a summons or a summons enforcement proceeding.  The IRS has issued no summons to Southern Faith Ministries.  On the plain language of the statute, that ends the matter.  *See Music Square Church v. United States*, 218 F.3d 1367, 1370 (Fed. Cir. 2000) ("Accordingly, we must acknowledge the clear intention expressed by Congress, that there is to be no judicial remedy for the IRS' failure to comply with any of the requirements in section 7611, aside from the exclusive remedy described in subsection 7611(e)(1)").  Southern Faith Ministries cites the *Living Word* opinion in its favor, but of course that case did involve a summons enforcement proceeding. *See Living Word*, 2009 U.S. Dist. LEXIS 6902, *5 (finding the enforceability of the IRS summons to depend on the IRS's interpretation that the DEOE is an appropriate high-level Treasury official).

If and when it is served with an IRS summons, Southern Faith Ministries may present its objection that the proper official did not approve the church tax inquiry.  26 U.S.C. § 7611(e)(1).  If and when its tax exempt status is revoked, Southern Faith Ministries may challenge that conclusion in a declaratory judgment action.  26 U.S.C. § 7428.  If and when its activities are taxed, Southern Faith Ministries may institute a refund

action.  26 U.S.C. § 7422.  Those "if's" are not present here and those "when's" are not now.

Southern Faith Ministries' complaint will be dismissed.  A separate order accompanies this memorandum opinion.

                                                JAMES ROBERTSON
                                United States District Judge